991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kamal Bagwandass MAHABIR, Defendant-Appellant.
 No. 92-1958.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1993.
 
 Before BOGGS and BATCHELDER, Circuit Judges, and MANOS, District Judge.*
 PER CURIAM.
 
 
 1
 On April 24, 1992, after being tried before a jury, Kamal Bagwandass Mahabir was convicted of six counts of attempting to bring illegal aliens into the United States, in violation of 8 U.S.C. § 1324(a)(2); one count of conspiracy to transport illegal aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 371; and one count of conspiracy to bring illegal aliens into the United States, in violation of 8 U.S.C. § 1324(a)(2) and 18 U.S.C. § 371. On appeal, Mahabir makes two assignments of error. For the reasons given below, we affirm the district court.
 
 
 2
 * Mahabir[1] and Ashok Kawalsingh, known as Jit, conspired to transport six illegal Trinidadian aliens into the United States from Canada. The aliens and Jit, a Canadian resident, met Mahabir on Boblo Island, an amusement park located on an island in the Detroit River under Canadian jurisdiction. Boblo Island is served by three ferries, two of which shuttle between the island and docks in United States territory, and one of which operates between the island and mainland Canada. Each ferry issues color-coded tickets, and tickets cannot be purchased on the island itself. Thus, at least in theory, one can return only to one's original point of embarkation.
 
 
 3
 After Jit and Mahabir met, Jit provided the aliens with tickets for the ferry to Detroit, though they had gotten to Boblo Island from Canada. After the aliens and Mahabir got off the ferry, they were arrested by United States immigration authorities. The aliens were all deposed and deported prior to Mahabir's criminal trial.
 
 
 4
 On November 13, 1991, a grand jury indicted Mahabir for the immigration offenses. On April 24, 1992, Mahabir was convicted on all counts.
 
 II
 
 5
 Mahabir claims that the trial court erred when it allowed portions of deposition testimony, read once at trial, to be reread to the jury at its request. We review the district court's decision for abuse of discretion. United States v. Padin, 787 F.2d 1071, 1076 (6th Cir.1986).
 
 
 6
 During deliberations, the jury sent a note to the judge asking to see a portion of the depositions of two of the deported aliens. The depositions had been read into the record at trial. The jury asked for only those portions of the depositions of Dhanmati Singh and Ann Marie Henry that described their actions when they got off the boat in Detroit from Boblo Island.
 
 
 7
 Defense counsel objected that either providing or re-reading only a portion of the testimony would improperly focus jury attention. The government responded that it was willing to let the jurors have the entire transcripts of all the depositions. The trial judge, however, ruled that he would only provide the jury with transcripts, as opposed to re-reading portions, if both the government and Mahabir would stipulate to their provision. Mahabir refused to so stipulate. The court then allowed the two portions the jury had requested to be re-read to them.
 
 
 8
 Mahabir insists that the jury gave the re-read deposition testimony undue weight. He claims that his view is supported by the jury's convicting him very shortly after hearing the testimony re-read.
 
 
 9
 We hold that the trial judge was within his discretion in the manner in which he handled this incident. Mahabir could certainly have asked for a cautionary instruction if he was concerned that the testimony would be taken out of context. He could also have asked that other portions of deposition testimony be re-read so that the portions in which the jury was interested would have been put in an appropriate context, from his point of view. He could have agreed to allow the jury to have the entire deposition testimony. Finally, we note that Mahabir has made no allegation nor showing of prejudice resulting from the trial judge's decision. To show prejudice, Mahabir must show that he would have been acquitted but for the trial judge's decision. Beyond the simple fact that the jury returned a verdict of guilty, which is insufficient to show prejudice, Mahabir has failed.
 
 III
 
 10
 Mahabir's second complaint on appeal is that the trial court erred in admitting the statements of alleged co-conspirators in contravention of the hearsay exclusions. He implies that without the improperly admitted evidence there was insufficient evidence on which to convict him. We find no merit in Mahabir's claim.
 
 
 11
 Co-conspirator statements made "during the course of and in furtherance of the conspiracy" are not considered hearsay under Fed.R.Evid. 801(d)(2)(E). Co-conspirator statements are admissible both to prove the existence of a conspiracy generally and the defendant's participation in it. Bourjaily v. United States, 483 U.S. 171, 178-81 (1987). The trial judge concluded, both at the close of the government's case, and again at the close of all proof, just prior to issuing jury instructions, that there was sufficient evidence to prove both. Those findings of fact are reviewed only for clear error. United States v. Breitkreutz, 977 F.2d 214, 218 (6th Cir.1992).
 
 
 12
 Evidence adduced at trial indicated that Mahabir drove his Ford Aerostar to the dock that day, as Jit told the aliens he would. Mahabir and Jit were seen in conversation and seen exchanging several items, at least one of which appeared to be money. Mahabir had in his possession a sum of United States currency that was consistent with the sum that the aliens said they had supplied. Coupled with Jit's money, which was in Canadian dollars, it was what the aliens had paid for entry into the United States.[2] The money was in an envelope marked "Boblo Tickets," and Mahabir lied to the immigration official about the amount of money he had in his possession. The deposition testimony of the deported aliens, combined with the testimony of a disinterested Boblo Island employee, proved by a preponderance of the evidence that Mahabir was a participant in the conspiracy. Thus, the evidence was properly admitted at trial.
 
 
 13
 Finding no error in the trial court's proceeding, we AFFIRM Mahabir's conviction.
 
 
 
 *
 John M. Manos, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Mahabir is a resident alien. However, because he is in the United States legally, the term "alien" will be used to refer to the six illegal aliens Mahabir was convicted of trying to smuggle in
 
 
 [2]
 Jit was arrested by Canadian authorities before he left Boblo Island. Thus, we have information on the money Jit had in his possession